

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-22-2009

# USA v. Velazquez

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

## Recommended Citation

"USA v. Velazquez" (2009). *2009 Decisions.* Paper 1322.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1322

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3644

UNITED STATES OF AMERICA

v.

WITHBERTO VELAZQUEZ,
                                                                *Appellant.*

Appeal from the United States
District Court for the Middle District of Pennsylvania
(D.C. No. 3-07-cr-00454-001)
District Court Judge: Honorable A. Richard Caputo

Submitted Under Third Circuit L.A.R. 34.1(a)
May 19, 2009

Before: RENDELL and GARTH, *Circuit Judges*, and
PADOVA, *Senior District Judge**

(Opinion Filed: May 22, 2009)

**OPINION**

GARTH, *Circuit Judge*:

---

* The Honorable John R. Padova, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Appellant Withberto Velazquez ("Velazquez") was the target of an FBI child pornography investigation in January 2007. An FBI agent, in a Yahoo! chat room, posed as a 14-year-old girl in Pennsylvania. Velazquez attempted to persuade the "girl" to travel to Mississippi to have sex with him. He sometimes posed as his 14-year-old daughter in order to convince the "girl" that this plan was a good idea. Velazquez also transmitted naked pictures of himself and pornographic pictures of children to the agent posing as the girl. He eventually made travel arrangements for the "girl" to travel from Pennsylvania to his apartment in Mississippi.

The FBI identified Velazquez by his computer's Internet Protocol address, and executed a search warrant at his residence. The FBI seized his computer equipment and discovered extensive amounts of child pornography – a total of 46,222 images consisting of 615 videos and 97 still images, many depicting disturbing, violent, or sadistic acts.

Velazquez was indicted in the Middle District of Pennsylvania for using a facility of interstate commerce to attempt to persuade, induce, and entice a minor to engage in illegal sexual acts (18 U.S.C. § 2422(b) (Count I)); attempting to persuade an individual to travel in interstate commerce to engage in illegal sexual acts (18 U.S.C. § 2422(a) (Count II)); and receipt of child pornography (18 U.S.C. § 2252(a)(2) (Count III)).[1] Velazquez pleaded guilty to Counts I and III and the government dismissed Count II.

---

[1] Count I carries a mandatory minimum sentence of 10 years. Count III carries a mandatory minimum sentence of 5 years.

Velazquez's offense level under Guideline 2G2.2 was 43;[2] with a Criminal History Category of I, the Guidelines range was life imprisonment. Velazquez objected to the 5-level enhancement for "pattern of activity" under Guideline 2G2.2(b)(5). The government conceded to abandoning this enhancement, but the parties agreed on a 4-level enhancement because Velazquez had possessed more than 600 images. The final Guidelines range became 360 months to life.

Velazquez was sentenced on August 15, 2008. Defense counsel asked for a downward variance under 18 U.S.C. § 3553(a) totaling 15 years, thus combining the mandatory minimum sentences of Counts I and III. Counsel argued this sentence was sufficient, but not more than necessary, to satisfy the Section 3553(a) factors. The District Court disagreed, and on August 15, 2008, sentenced Velazquez to 360 months under Count I, and a concurrent 240 months under Count III. Velazquez timely appealed.

I.

Velazquez argues that a 30-year sentence was "unreasonably harsh" because the District Court relied on child pornography Sentencing Guidelines "that deserve little or no deference because they are not empirically based" and because a 15-year sentence would

_____

[2] This included a base offense level of 22, plus enhancements for material involving children under 12; distribution of child pornography to a minor intended to entice the minor to engage in illegal sexual conduct; material portraying sadomasochistic conduct or violence; use of a computer; a pattern of activity involving exploitation or abuse of minors; and possession of more than 600 images of child pornography. After various Guideline adjustments, Velazquez and the government agreed on an offense level of 42. This adjustment does not affect Velazquez's sentence or our conclusion.

have been sufficient "but not greater than necessary" to advance the sentencing factors set forth in 18 U.S.C. § 3553(a).

The parties agreed on Velazquez's Guidelines range. Velazquez emphasized his previously clean record, his severe physical and psychological injuries from his service in the United States Navy, and his difficult upbringing in his argument for a downward variance.

The government agreed that Velazquez's military service should be considered, but based on the seriousness of the offenses, requested a 30-year sentence–the bottom of the Guidelines range. The government argued that Velazquez admitted that he would have had sex with a 14-year-old had he not been arrested first, and stressed the extraordinary number of images as an important factor.

The District Court engaged in a lengthy discussion of the Section 3553(a) factors. As to the "nature and circumstances of the offense," the court said the conduct was "so insidious because of the ease with which it is purveyed on the internet and the impact that it has on these young people . . . because of the market that exists . . . ." App. 65.

The court considered the "history and characteristics of the defendant." It acknowledged Velazquez's honorable service in the Navy, the positive letters received on Velazquez's behalf, Velazquez's lack of a criminal record, and his injuries. App. 65-66.

The court addressed the seriousness of the offense and the need to promote respect for the law and to provide a just punishment, noting that this type of offense is "one of the more serious things in my mind that we have in this society. . . . [I]n order to watch it

-4-

somebody has to make it. And in making it, someone has to exploit minors in such a way that is really unspeakable." App. 65.

Deterrence was also a significant factor in the court's sentence. The court wished to "send a message to the world . . . that anybody that does this sort of thing is going to suffer severe consequences because the only way to root it out is to have the demand for it evaporate." App. 66. Furthermore, the court acknowledged that Velazquez would need some sort of "continuing treatment," and would recommend the same.

Lastly, the court noted that it had sentenced defendants in similar cases, and that Velazquez's conduct was "on a close par with those" cases. App. 67. Accordingly, the District Court handed down a sentence of 360 months.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. §§ 1291 and 3742(a). We review for abuse of discretion. United States v. Wise, 515 F.3d 207, 218 (3d Cir. 2008). This standard is highly deferential. We can not reverse a District Court merely because we disagree with a sentence. If the sentence "falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors, we must affirm." Id.

"Ultimately, '[t]he touchstone of "reasonableness" is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a).'" United States v. Tomko, 562 F.3d 558, 568 (3d Cir. 2009) (quoting United States v. Grier, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)); see also United States

v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006).

Here, the District Court more than adequately considered the factors, and its colloquy was extensive and reasonable. Further, the sentence was at the bottom of the Guidelines range, so we would be hard-pressed to hold that the sentence did not fall within the range of reasonable sentences. See United States v. Hoffecker, 530 F.3d 137, 204 (3d Cir. 2008) ("Although we do not deem a within-Guidelines sentence presumptively reasonable, it is 'more likely to be reasonable than one that lies outside the advisory guidelines range.' *Cooper*, 437 F.3d at 331. This sentence was, if anything, on the low side of the range of reasonable sentences.").

### III.

The narrow issue here is whether the District Court abused its discretion by relying on the child pornography Guidelines, which Velazquez contends are unreliable. Velazquez analogizes the crack cocaine Guidelines (the subject of Kimbrough v. United States, 128 S. Ct. 558 (2007)) to the child pornography Guidelines.

The Supreme Court in Kimbrough noted that the crack cocaine Guidelines "do not exemplify the [Sentencing] Commission's exercise of its characteristic institutional role" because the Commission did not consider empirical research in formulating them.[3] Kimbrough, 128 S. Ct. at 575. Indeed, the Court noted, "the Commission itself has

---

[3] The Commission looked instead to the Anti-Drug Abuse Act of 1986, § 1004(a), 21 U.S.C. § 841(b)(1)(A)(ii-iii), (b)(1)(B)(ii-iii), which employed a weight-based formula to determine the "seriousness" of drug offenses.

reported that the crack/powder disparity produces disproportionately harsh sanctions." Id.

Thus, the Court held that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. Accordingly, "as a general matter, 'courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines.'" Id. at 570; see also Spears v. United States, 129 S. Ct. 840, 843 (2009) (clarifying Kimbrough; District Courts may vary from the crack cocaine Guidelines based on policy disagreements, "and not simply based on an individualized determination that they yield an excessive sentence in a particular case").

Because the child pornography Guidelines, like the crack cocaine Guidelines, were not established pursuant to empirical research, and instead were established by an act of Congress,[4] Velazquez argues that the District Court should not have relied upon the Guidelines, citing Kimbrough and its progeny for the proposition that reliance on child pornography Guidelines is an abuse of discretion.

Case law does not support Velazquez's argument, and he does not otherwise substantively challenge the child pornography Guidelines. Because his sentence was otherwise substantively reasonable, we have no justification for reversing the District

---

[4] Congress, through the PROTECT Act, Pub. L. No. 108-21 (2003), increased the mandatory minimum and maximum sentences, increased base offense levels, and added an enhancement for, inter alia, number of images, in child pornography cases.

Court's sentence because of its reliance on a currently valid Guideline.  Even if we were to disagree with the District Court's sentence or the policy behind the Guidelines, this is not grounds for a reversal when the sentence was otherwise reasonable.[5]  See generally United States v. Tomko, 562 F.3d 558 (3d Cir. 2009).

Velazquez's secondary argument – that a 15-year sentence would have been sufficient to satisfy the Section 3553(a) factors – is meritless as well.  Velazquez argues that the District Court's denial of his request for a downward variance to 15 years was error.  As noted above, the District Court meaningfully and thoroughly considered the Section 3553(a) factors, and its sentence was substantively reasonable.  Accordingly, the District Court did not abuse its discretion in refusing to grant Velazquez a downward variance.  See Wise, 515 F.3d at 218.

IV.

We will affirm the District Court's August 15, 2008 judgment.

---

[5]  Indeed, we have even held that "[i]n evaluating the magnitude of the harm caused by child pornography, we defer to the findings made by Congress."  United States v. MacEwan, 445 F.3d 237, 249 (3d Cir. 2006).